NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. M., by and through his Mother Maria Mandeville and MARIA MANDEVILLE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KATHRYN S. MATAYOSHI, Superintendent of the Hawaii Public Schools and STATE OF HAWAII DEPARTMENT OF EDUCATION, <br><br> Defendants-Appellees. | No.   16-17327 <br><br> D.C. No. 1:15-cv-00405-LEK-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 15, 2018
Honolulu, Hawaii

Before:  TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

J.M., by and through his mother Maria Mandeville (collectively "plaintiffs"),

appeal an adverse district court judgment in this action under the Individuals with

Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.  The district court

_____

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

upheld a decision by an administrative hearing officer ("AHO") concluding that the individualized education program ("IEP") proposed by the defendant state officials and agencies in 2014 provided J.M. with the "free appropriate public education" ("FAPE") required by the IDEA. 20 U.S.C. § 1412(a)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and determine de novo "[w]hether a proposed IEP constitutes a FAPE," giving deference to the AHO's findings if "thorough and careful." *Baquerizo v. Garden Grove Unified Sch. Dist.*, 826 F.3d 1179, 1184 (9th Cir. 2016) (citation omitted). We affirm the order of the district court.

1. Plaintiffs first argue that the AHO erred in placing the burden of proof on them to show the 2014 IEP denied J.M. a FAPE. But, because this argument was not presented to the AHO or the district court, it was abandoned. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015); *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 952 (9th Cir. 2010). In any event, it is settled that "[t]he burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005).

2. The district court did not err in holding that the 2014 IEP provided J.M. with a FAPE. J.M. had undergone severe bullying at the public school in which he was placed, and the AHO had accordingly found that an earlier IEP contained insufficient protections against that bullying. *See M.L. v. Fed. Way Sch. Dist.*, 394

F.3d 634, 650 (9th Cir. 2005) (recognizing that unremediated teasing by other students can deny a FAPE). But the 2014 IEP was expressly designed to overcome the deficiencies in the prior plan, mandating a full-time aide for J.M. and containing a crisis plan, which provides that "[i]nteractions with peers will be monitored by an adult" and sets forth a protocol to stop bullying if it occurs. The plan contains many, if not all, of the suggestions to combat bullying set forth in a "Dear Colleague" letter issued in 2014 by the U.S. Department of Education, Office for Civil Rights. *See Dear Colleague Letter: Responding to Bullying of Students with Disabilities* (October 21, 2014). Thus, the district court correctly concluded that plaintiffs have not shown that, under the terms of the 2014 IEP, J.M. would be unable "to make progress appropriate in light of [his] circumstances." *See Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017).

3. We decline plaintiffs' suggestion "to take the further step and give the USDOE policy guidance on bullying . . . the force of law" by adopting "it as a minimum standard when a public school agency develops an IEP" for disabled children who are bullied. The IDEA expressly provides that informal guidance letters are "not legally binding," 20 U.S.C. § 1406(e), and that the Secretary "may not issue policy letters . . . that . . . establish a rule that is required for compliance

with . . . this chapter without following the" rule-making requirements of the Administrative Procedure Act, *id.* at § 1406(d).[1]

**AFFIRMED.**[2]

---

[1]     Indeed, plaintiffs acknowledge that "policy letters issued by the Secretary of Education are 'provided as informal guidance and [are] not legally binding.'" Plaintiffs also argue that a second guidance letter, issued by the Office of Special Education and Rehabilitative Services ("OSERS"), requires specific anti-bullying measures. Because this argument was not exhausted before the AHO, it was abandoned. *See J.L.*, 592 F.3d at 952. In any event, the second letter similarly does not mandate any particular anti-bullying remedy.

[2]     Plaintiffs' motion for judicial notice, Dkt. 13, is **GRANTED** as to the Department of Health and Human Services "tip sheet" and **DENIED** as moot as to the OSERS Dear Colleague Letter, which is already part of the record.